UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

IN RE:

LOUIS A. KAUFMAN

        Debtor                                         CASE NO. 14-34045

                                                        CHAPTER 11


CORNERSTONE INDUSTRIES CORP.

        Plaintiff

v.                                                  Adv. Proc. No. 15-03011

LOUIS A. KAUFMAN

        Defendant

---

**MEMORANDUM-OPINION**

---


        THIS ADVERSARY PROCEEDING comes before the Court upon Plaintiff's Motion for Summary Judgment.  Plaintiff seeks an Order from the Court concluding that Plaintiff's claim arising from a state court judgment against is non-dischargeable.   Defendant objects and seeks an Order concluding that the debt is dischargeable.  As discussed below, the Court concludes that Plaintiff is entitled to summary judgment as a matter of law.

        This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2)(I).


<u>Undisputed Facts</u>

        Plaintiff has a claim against Defendant arising from an action in the Jefferson Circuit Court commenced in November 2007.  *Cornerstone Industries Corp. v. Roby et. al.*, Jefferson County, Kentucky, Circuit Court, Civil Action No. 07-CI-11000 (the "State Court Action").  The State Court Action was based upon allegations that Debtor had willfully and maliciously injured

1

Cornerstone Industries Corp. while serving in a fiduciary capacity at Cornerstone.    More specifically, Plaintiff alleged that Defendant assisted a former employee in competing with Cornerstone in violation of fiduciary duties owed by the Debtor to Cornerstone as a former officer of the corporation.

Schedule F of the Debtor's petition listed a claim for $1,831,738.00 owed to Cornerstone. The claim is described as an unliquidated, disputed claim.  This claim arises from the damages awarded in the State Court Action based on the jury's finding.  There were nine total counts brought against Defendant.  The jury found in favor of the Plaintiff on all counts, including the violation of Uniform Trade Secrets Act, interference with contractual and prospective relations, aiding and abetting liability of breach of fiduciary duty, tortious interference with contractual relations, aiding and abetting breach of non-competition covenants, aiding and abetting breach of confidentiality covenants, breach of contract, conversion, and fraud.  The jury also awarded punitive damages consistent with Kentucky law.  Cornerstone specifically pled that the Defendant committed fraud, defaulted in his fiduciary responsibilities owed to Cornerstone, and willfully and maliciously injured Cornerstone.

The judgment was entered on August 13, 2013.  On October 31, 2014, shortly after the Jefferson Circuit Court denied all of the Debtor's post-trial motions, the Debtor filed for bankruptcy relief under chapter 11.

Discussion

Summary judgment is appropriate under Federal Rule of Bankruptcy Procedure 7056 when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056; *Celotex Corp. v.* 3 *Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

There are two major legal issues raised by this adversary proceeding.  First, does the judgment in the Jefferson Circuit Court have a preclusive effect in this Court?  If so, this Court does not have to re-litigate the decisions made by the state court.  This includes jury findings that the Defendant acted with certain culpability: willfully and maliciously misappropriated trade secrets from Cornerstone, breached his fiduciary duty, and committed fraud against the Plaintiff.

2

Collateral estoppel will prevent the Defendant from re-litigating the factual elements of the Plaintiff's non-dischargeability claim. "Principles of collateral estoppel apply in non-dischargeability actions." *In re Livingston*, 372 Fed.Appx. 613, 617 (6th Cir. 2010). Full faith and credit are given to the judicial proceedings of the state court. *Id*. *See also* 28 U.S.C. § 1738 ("Such Acts, records, and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State."). The Court must look to Kentucky law to determine the preclusive effect of the Jefferson Circuit Court's ruling.

Issues need not be litigated twice where the state court recognizes the preclusive effect of a previous proceeding. Under Kentucky law, issue preclusion requires four components: (1) identity of issues; (2) a final decision or judgment on the merits, (3) a necessary issue with the estopped party given a full and fair opportunity to litigate; and (4) a prior losing litigant. *Jellinick v. Capitol Indem. Corp.*, 210 S.W.3d 168, 172-73 (Ky. App. 2006).

In the present case there was a final decision on the merits; the Defendant was given a full and fair opportunity to litigate; and the Defendant lost at the state court. Defendant's arguments that the appeal should negate the finality of the state court judgment are unpersuasive. Even though the Defendant is appealing that decision, it still satisfies the 'final decision' requirement. *See Smith v. S.E.C.*, 129 F.3d 356, 362 n.7 (6th Cir. 1997) ("The fact that Smith has an appeal of that judgment pending does not deprive the judgment of res judicata effect"); *Sidney Coal Co. v. Massanari*, 221 F.Supp.2d 755, 772 (E.D. Ky. 2002) ("The pending appeal of the district court's judgment in *Massey I* does not deprive that judgment of res judicata effect.").

Plaintiff asserts that the State Court Action has a preclusive effect on the current proceeding because the issues raised in the State Court Action, and determined by the jury, fit with the requirements for non-dischargeability under § 523(a)(2)(A), (a)(4) and (a)(6) of the Bankruptcy Code. Defendant argues, however, that the issues litigated in the Jefferson Circuit Court do not perfectly match with the requirements under 11 U.S.C § 523(a)(2)(A), (a)(4), and (a)(6). This raises the second major issue of the adversary proceeding: whether the Plaintiff's claim is a non-dischargeable debt under § 523(a)(2)(A), (a)(4), or (a)(6). 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6) state as follows:

> A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . .

>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

In this case, however, the Plaintiff must prove that the judgment obtained from the Jefferson Circuit Court meets the requirements under § 523 and thus precludes this Court from re-litigating those issues. Only if the state court judgment has a preclusive effect will the grant of summary judgment in favor of the Plaintiff be proper.

## § 523(a)(2)(A)

§ 523(a)(2)(A) applies when there is a misrepresentation by the debtor. Specifically, "[i]n order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss." *In re Rembert*, 141 F.3d 277, 280-81 (6th Cir. 1998). This list of factors is instructive, but the Sixth Circuit is hesitant to reduce the inquiry to nothing more than a checklist of factors. "What courts need to do is determine whether all the evidence leads to the conclusion that it is more probable than not that the debtor had the requisite fraudulent intent. This determination will require a review of the circumstances of the case at hand, but not a comparison with circumstances (a/k/a/ 'factors') of other cases." *See Id.* at 282 (citing *In re Murphy*, 190 B.R. 327 (Bankr. N.D. Ill. 1995)).

In the present case, the jury instructions from the State Court Action quite clearly required the jury to consider whether the Defendant acted with the requisite fraudulent intent. The jury response to Instruction No. 11 clearly states that the Defendant made a material representation, intended for the Plaintiff to rely on that statement, the Plaintiff did rely on that statement, and as

4

to the truth of the matter, the Defendant either knew his statement was false or had a reckless disregard for whether it was true.  Doc. 16-5, pg. 19.

Defendant attempts to persuade the Court that the Defendant did not obtain any money, property, or services by this fraud, as required by § 523(a)(2)(A).  Plaintiff asserts that the fraudulent actions of the Defendant took place during negotiations in which Cornerstone was trying to buy the Defendant's interest in the company.  In awarding damages, the state court jury apparently agreed with Plaintiff – that the misrepresentations had a direct effect on the value of the Defendant's stake in the company and thus the fraud clearly benefitted the Defendant.

In addition, Plaintiff points out that § 523(a)(2) covers false pretenses and false representation in addition to actual fraud.  Although Defendant was found guilty of fraud by the state court, several of the other jury instructions could also implicate § 523(a)(2)(A).  Instruction No. 5 instructs the jury to find liability if the interference with business relationships is malicious or is "accomplished by some unlawful means such as fraud, deceit, or coercion." Doc. 16-5, pg. 12.  Similar language is included in the jury instructions regarding punitive damages; "Defendant acted towards Cornerstone with oppression, with fraud, or with wanton or reckless disregard for the property of others." *Id*. at 22.

## § 523(a)(6)

Under § 523(a)(6), a debt will be non-dischargeable if the debt arises from willful and malicious injury caused by the debtor.  "[A]cts done with the intent to cause injury—and not merely acts done intentionally—rise to the level of willful and malicious injury for purposes of satisfying § 523(a)(6)." *In re Kennedy*, 249 F.3d 576, 581 (6th Cir. 2001).  The actor must either desire to cause the injury or engage in an intentional act from which the debtor knows injury is substantially certain to occur. *See Id.* (citing *Kawaauhau v. Geiger*, 523 U.S. 57 (1998)).

The standard in the Sixth Circuit supports a finding that Plaintiff is also entitled to summary judgment under § 523(a)(6).  The actions of the Defendant, if not intended to cause the harm outright, were actions that the Defendant knew were substantially certain to result in harm.  Jury Instruction No. 1 specifically includes the language of "willful and malicious" and the instruction given to the jury comports with the aforementioned federal standard under § 523(a)(6).  Doc. 16-5, pg. 6.  In response to Jury Instruction No. 3, Defendant was found to have aided and abetted an individual in breaching their fiduciary duty.  The requirement was that the Defendant had

5

"knowledge" that the conduct was a breach of duty and the Defendant assisted in carrying out that conduct.  Doc. 16-5, pg. 9.  Jury Instruction No. 5 discusses interference with the business relationship where the interference is "malicious or without justification."  Doc. 16-5, pg.12.  Jury Instruction No. 6 involves conversion, which the Sixth Circuit has previously found can have a preclusive effect under § 523(a)(6). *See Staskus v. Gene Weiss' Place For Fitness*, 145 F.3d 1333 (Table), 1998 WL 242339 (6th Cir. 1998).  Jury Instruction No. 9 required a finding that Defendant had knowledge that the third party's conduct was a breach and that the defendant assisted the third party in carrying the conduct out.  Doc. 16-5, pg. 17.  Jury Instruction No. 10 involves interference with a contractual relationship.  It is clear in the instructions that to find the Defendant liable, the Defendant needed to have knowledge of the contract and intend to breach the contract with no valid justification.  Doc. 16-5, pg. 18.

Perhaps the most telling jury instruction relates to punitive damages.  In Jury Instruction No. 14, the jury is instructed to award punitive damages on any claims where the Defendant acted towards the Plaintiff with "oppression, with fraud, or with wanton or reckless disregard for the property of others."  Doc. 16-5, pg. 22.  The jury found that on several counts, the Defendant had acted reprehensibly enough to merit punitive damages.

## § 523(a)(4)

Lastly, the Court turns to § 523(a)(4).  The Sixth Circuit has held that "the defalcation provision of § 523(a)(4) is limited to only those situations involving an express or technical trust relationship arising from the placement of a specific res in the hands of a debtor." *In re Penick*, 149 F.3d 1184 (Table), 1998 WL 344039, 5 (6th Cir. 1998) (citing *R.E. America Inc. v. Garver (In re Garver)*, 116 F.3d 176, 180 (6th Cir. 1997).  The mere existence of a fiduciary relationship is not sufficient.  "[A]n agent-principal relationship standing alone is insufficient to establish the type of fiduciary duty contemplated by § 523. In addition, to satisfy § 523(a)(4) in the context of a defalcation, the debtor must hold funds in trust for a third party to satisfy the fiduciary relationship element of the defalcation provision of § 523(a)(4)." *In re Blaszak* 397 F.3d 386, 391 (6th Cir. 2005).

Defendant argues that the definition of a "fiduciary" under § 523(a)(4) does not match perfectly with the definition of fiduciary used by the jury in determining whether the Defendant had breached his fiduciary duty to Cornerstone.  Fiduciary capacity "under § 523(a)(4) is not as

6

broad a term as under state law." *In re Hays*, 31 B.R. 285, 291 (Bankr. E.D. Tenn. 1983).   The status of a debtor as a fiduciary is a question of "federal law," not state law.  *In re Kraus*, 37 B.R. 126, 128 (Bankr. E.D. Mich. 1984).   In the Sixth Circuit, however, "state law is important in determining when a trust relationship exists." *Id.* (citing *Carlisle Cashway, Inc. v. Johnson (In re Johnson)*, 691 F.2d 249, 251 (6th Cir. 1982).  In Kentucky, an officer and director of a corporation has a relationship similar to that of an express trustee.

> It is statutory law that a director or managing officer has a fiducial relation to the corporation and its stockholders.  It is well settled by a long train of decisions that he has the duty to act in the utmost good faith and to further the corporation's interest and business. He may not, therefore, acquire an interest in property adverse to that of the corporation or enter into a contract to serve his own interests or to assume a position which will bring his private interests into conflict or competition with that of his company. If he does so, he may be required to account for profits made in the transaction by reason of the breach of the trust relationship.

*Urban J. Alexander Co. v. Trinkle*, 224 S.W.2d 923, 926 (Ky. 1949).  The Fifth Circuit found that, as in the present case, "because the debtor had entered into certain self-dealing transactions while an officer of the corporation, the debts arising from these transactions were not dischargeable under the provisions of 11 U.S.C. § 523(a)(4)." *Matter of Bennett*, 989 F.2d 779, 787 (5th Cir. 1993). Indeed, the Seventh Circuit has held that a fiduciary can be anything the state determines is a fiduciary, including the case of a lawyer-client relationship, or that of a corporate director.  *See Matter of Marchiando*, 13 F.3d 1111 (7th Cir. 1994).

Given the foregoing, the Court is not entirely convinced that Plaintiff is entitled to summary judgment under § 523(a)(4).  Nevertheless, Plaintiff already is entitled to summary judgment under § 523(a)(2) and (a)(6).  Thus, this Court does not need to reach the issue of § 523(a)(4).

## Conclusion

For the foregoing reasons, the Court concludes that Plaintiff is entitled to summary judgment because its claim against Defendant is non-dischargeable under Bankruptcy Code § 523(a)(2) and (a)(6).  A separate Order consistent with the foregoing has been entered in accordance with Federal Rule of Bankruptcy Procedure 9021.

7

Thomas H. Fulton
United States Bankruptcy Judge

Dated:  August 6, 2015